ORIGINAL 

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:22-CR-00326-L |
| DEVONSHIRE LABRANDIFF HUDSON (11) | |

## FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count Twenty-One of the Superseding Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2, Devonshire Labrandiff Hudson, the Defendant, and Defendant's attorney, Russell Wilson, and the United States of America (the government) stipulate and agree to the following:

### I. ELEMENTS OF THE OFFENSE

In order to establish the guilt of Defendant for the offense of Possession with Intent to Distribute a Controlled Substance, Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2, as alleged in Count Twenty-One of the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt[1]: Possession with the Intent to Distribute a Controlled Substance 21 U.S.C. § 841(a)(1), (b)(1)(C)

*First:* That the defendant knowingly possessed a controlled substance;

*Second:* That the substance was in fact a mixture or substance containing a

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

FACTUAL RESUME of Devonshire Labrandiff Hudson – PAGE 1

        detectable amount of methamphetamine; and

*Third:*    That the defendant possessed the substance with the intent to distribute it.

**Aiding and Abetting 18 U.S.C. § 2:**

*First*:    That the offense of possession of a controlled substance with the intent to deliver was committed by some person;

*Second*:    That the defendant associated with the criminal venture;

*Third*:    That the defendant purposefully participated in the criminal venture; and,

*Fourth*:    That the defendant sought by action to make that venture successful.

## II. STIPULATED FACTS

Devonshire Labrandiff Hudson admits and acknowledges that beginning on or about July 7, 2022, in the Dallas Division of the Northern District of Texas, that Hudson, aided and abetted by others, knowingly possessed with the intent to distribute and to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

During the investigation, law enforcement intercepted numerous communications involving those indicted and others, including Hudson and Deshawn Michael Knighten. On or about July 7, 2022, law enforcement intercepted communications between Knighten and Hudson in which Hudson agrees to come over to Knighten's location and purchase methamphetamine pills Knighten had at the time and they agreed on a price per pill. After Knighten delivered the pills, law enforcement pulled Hudson over and seized the 309 methamphetamine pills with a net weight of 70.35 grams. A few days after

Hudson's arrest and seizure of the pills, Hudson again called Knighten and told Knighten that the police had stopped him right after meeting with Knighten and for Knighten to be careful.

Hudson agrees that he possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking offense as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Hudson's guilty plea to Count Twenty-One as set forth in the Superseding Indictment.

AGREED AND STIPULATED on this 21st day of August, 2024.

_____
Devonshire Labrandiff Hudson
Defendant

_____
Russell Wilson
Attorney for Defendant

_____
John Kull
Assistant United States Attorney

_____
Rick Calvert
Deputy Criminal Chief